UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GARY CAMPOS | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-82-SDJ |
| | § | |
| COMMISSIONER, SSA | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's counsel's Unopposed Petition to Obtain Approval of a Fee for Representing a Social Security Claimant. (Dkt. #22). The Commissioner did not file a response and declined to take a position on the petition. (Dkt. #22 at 17). For the reasons below, the Court will grant the petition in part, deny the petition in part, and award counsel $2,887.50 in attorney's fees under 42 U.S.C. § 406(b).

I. B**ACKGROUND**

Plaintiff Gary Campos filed this action seeking judicial review of the Commissioner's decision denying his application for benefits under Title II of the Social Security Act. (Dkt. #1). Instead of filing an answer to Plaintiff's complaint, the Commissioner moved for remand on non-substantive grounds. (Dkt. #12). The Commissioner explained that "remand is required in this case because significant portions of the recording of the June 4, 2020 administrative hearing are entirely inaudible. Moreover, it appears that much of the inaudible portion consists of Plaintiff's testimony." (Dkt. #12 at 1). Upon the Commissioner's motion, the Court reversed the Commissioner's final decision and remanded this action for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (Dkt. #13, #14).

On remand, the Social Security Administration ("SSA") found that Plaintiff had been disabled since June 2018 and was therefore entitled to past-due benefits. (Dkt. #22-1 at 10); (Dkt. #22-2). The Court subsequently entered a final judgment in favor of Plaintiff, (Dkt. #19), and awarded Plaintiff's counsel $2,482.90 in fees under the Equal Access to Justice Act ("EAJA"), (Dkt. #21 at 5). In a later communication, the SSA notified Plaintiff's counsel that it had "withheld the amount of $7,102.13[,] which represents 25 percent of the past-due benefits payable to GARY D CAMPOS." (Dkt. #22-3 at 2). The SSA instructed counsel to submit a petition "to the United States District Court for [the] Eastern [District of] Texas if you wish payment of your fee to be certified from withheld benefits." (Dkt. #22-3 at 2).

Plaintiff's counsel now seeks a fee authorization in the amount of $7,102.13 pursuant to 42 U.S.C. § 406(b) for services rendered in this matter. (Dkt. #22 at 10). In support of his request, counsel cites his extensive experience in social security law and a contingency fee agreement between him and his client. (Dkt. #22 at 7–9). That agreement, signed by Plaintiff, provides: "If a federal court rules in my favor, I will pay [counsel] an attorney fee of 25% of all past-due benefits in my disability claims paid to me and my dependents." (Dkt. #22-4 at 2).

## II. LEGAL STANDARD

Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such

judgment." A remand that ultimately results in an award of benefits is a "judgment favorable to a claimant." *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013).

"Fees under [Section] 406(b) satisfy a client's obligation to his or her counsel and, accordingly, are paid out of the plaintiff's social security benefits." *Siebe v. Comm'r of Soc. Sec. Admin.*, No. 5:19-CV-30, 2021 WL 3493167, at *1 (E.D. Tex. Apr. 19, 2021). A contingency fee agreement may set the amount of the Section 406(b) fees so long as (1) the amount complies with Section 406(b)'s 25% cap and (2) the amount is reasonable under the facts of the case—i.e., it does not result in a windfall for the attorney. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002).

The Fifth Circuit has identified several non-exhaustive factors that courts may consider when determining whether an award is reasonable or whether it results in a windfall, including: "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010) (cleaned up). Courts may also consider whether the attorney unnecessarily delayed the litigation. *Id.* at 380 n.10.

The "windfall" prohibition "does not preclude attorneys from recovering what may mathematically seem like a high fee award if the attorney's success on appeal is of his own making." *Jeter*, 622 F.3d at 381. But it can preclude such an award when "the success on appeal is not of the attorney's making, but rather, is attributable to some other source for which it would be unreasonable to compensate the attorney."

3

*Id.* When this is the case, a court may refuse to enforce the parties' contingency fee agreement and may instead use the lodestar method to determine a reasonable fee award. *See, e.g.*, *Salinas v. O'Malley*, No. EP-21-CV-31-DCG-ATB, 2024 WL 3991255, at *6–7 (W.D. Tex. Aug. 28, 2024).

A prevailing claimant may collect fees under both Section 406(b) and the EAJA, "but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (cleaned up).

### III. DISCUSSION

The Court finds that an award of $7,102.13 would result in an unreasonable windfall to Plaintiff's counsel. Accordingly, the Court will not enforce the parties' 25% contingency fee agreement and will, instead, award a fee of $2,887.50.

Counsel expended a mere 7.70 hours on this case. (Dkt. #22 at 13). Thus, an award of $7,102.13 would translate to an effective hourly rate of approximately $922.35. That hourly rate might be warranted were counsel's success "of his own making." *Jeter*, 622 F.3d at 381; *see, e.g.*, *Sabourin v. Colvin*, No. 3:11-CV-2109, 2014 WL 3949506, at *1–2 (N.D. Tex. Aug. 12, 2014) (awarding counsel an effective hourly rate of $1,245.55). But the record here suggests that counsel's success was "attributable to some other source for which it would be unreasonable to compensate [him]." *Jeter*, 622 F.3d at 381. Specifically, counsel's success appears to be attributable to a faulty recording from the administrative hearing that rendered much of Plaintiff's testimony inaudible. (Dkt. #12 at 1). When the Commissioner discovered this defect, it voluntarily moved to remand the case—before Plaintiff's

4

counsel had expended significant time on the case. Importantly, counsel did not file a substantive brief in this case; the Commissioner moved for remand of its own accord and for non-substantive reasons. *Cf. Rife v. Comm'r of Soc. Sec. Admin.*, No. 4:21-CV-197-SDJ (E.D. Tex. Apr. 26, 2024), (Dkt. #43 at 3) (approving a 25% contingency fee where the Commissioner moved for remand "only after Plaintiff filed a brief explaining the errors at the administrative level"). Thus, an award of $7,102.13—at an effective hourly rate of $922.35—would result in a windfall to Plaintiff's counsel.

Having determined that the requested 25% contingency fee of $7,102.13 is unreasonable, the Court must now determine an appropriate fee for this case. In his petition, Plaintiff's counsel represented that, although he doesn't normally charge fees on an hourly basis, his standard hourly rate for social security cases is $375. (Dkt. #22 at 7, 16). The Court finds $375 to be a reasonable hourly rate for this matter. *See Chandler v. Kijakazi*, No. 4:20-CV-517-ALM-KPJ, 2023 WL 3818390, at *5 (E.D. Tex. May 19, 2023) (approving an hourly rate of $357.40), *report and recommendation adopted,* No. 4:20-CV-517-ALM-KPJ, 2023 WL 3819191 (E.D. Tex. June 5, 2023). The Court also finds that counsel reasonably expended 7.70 hours on this matter. *See* (Dkt. #22 at 11–13). Thus, an appropriate award of attorney's fees here is $2,887.50.

## IV. Conclusion

For these reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's counsel's Unopposed Petition to Obtain Approval of a Fee for Representing a Social Security Claimant, (Dkt. #22).

5

It is therefore **ORDERED** that Plaintiff's counsel, Ronald D. Honig, is **AWARDED $2,887.50** in attorney's fees under 42 U.S.C. § 406(b), to be paid from the past-due benefits withheld from Plaintiff and retained by the Commissioner. Upon receipt of these attorney's fees, Plaintiff's counsel shall remit to Plaintiff $2,482.90, which the Court previously awarded under the Equal Access to Justice Act.

**So ORDERED and SIGNED this 8th day of January, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE